## FRANKLIN NEEDLE CO. *v.* FRANKLIN.

The vote of a town under Gen. Laws, *c.* 53, *s.* 10, to exempt from taxation any establishment which may be erected by a specified manufacturing company, and the capital used in operating the same, has the effect to exempt the land on which a building is erected for that purpose, although it had before been taxed.

PETITION, for abatement of taxes assessed in 1887.   July 17, 1886, the town voted that " the town exempt the Franklin Needle Company from taxation for the term of ten years on any establishment which may be erected by them, and the capital used in oper-

ating the same, for the manufacture of cotton, wool, wood, iron, or any other material, providing the sum of $10,000 be invested in such establishment, and capital operating the same."

Aug. 10, 1886, the plaintiffs, on the faith of the vote, bought real estate in Franklin of the value of $2,250, which had been theretofore taxed in the town, and before April 1, 1887, expended in improvements thereon $35,000. The tax in question was assessed upon the real estate appraised at its fair value excluding the improvements.

*W. L. Foster*, for the plaintiffs.

*Sanborn & Hardy* and *D. Barnard*, for the defendants.

BINGHAM, J.   The town voted to exempt the plaintiffs from taxation for the term of ten years on any establishment which might be erected by them, and the capital used in operating the same for the manufacture of cotton, wool, wood, iron, or any other material, providing the sum of $10,000 be invested in such establishment and capital operating the same.   On the faith of this vote the plaintiffs bought real estate in Franklin, which had been taxed, of the value of $2,250, and expended in improvements on it $35,000 within the next nine months after the vote.   It is admitted that the improvements are exempted from taxation under the vote.   The question submitted is, whether the real estate is also exempted.   We see no reason why the money paid for the real estate was not exempted, as much as the money paid for lumber, brick, or other material bought in Franklin, previously taxed, that became a part of the plaintiffs' real estate and establishment.   It must be true that the town, when it used in its vote substantially the language of the statute, used it in the sense in which the legislature did, and it is apparent that the legislature did not intend to make a distinction between property that was taxed in town at the time of the vote, and that which was not, for it authorized the exemption of existing establishments in town in use and those not in use, if put in operation, as well as those proposed to be erected.   One purpose of the statute was to enable towns to induce foreign capitalists to erect therein manufacturing establishments by exempting them for a while from taxation.   The contention of the defendants would give home capitalists an advantage that would essentially defeat this intention of the law. The vote exempted the statutory establishment.   The real estate, reasonably necessary for its erection and operation, made a part of it, and comes within the vote.   *Trinity Church* v. *Boston*, 118 Mass. 164.

*Tax abated.*

CARPENTER, J., did not sit: the others concurred.